United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re: | Case No. 17 BK 33957 |
| CHARNETTE WALKER, | Chapter 13 |
| Debtor. | Judge: Hon. Jack B. Schmetterer |

## MEMORANDUM OPINION ON DEBTOR'S MOTION TO COMPEL TURNOVER OF VEHICLE [DKT. NO. 11]

Debtor Charnette Walker ("Debtor" or "Movant") has moved to compel the City of Chicago ("the City") to (1) disclose the amount of storage and repossession costs and (2) release Debtor's vehicle upon payment of said costs.

For the reasons discussed below, Debtor's motion will be granted.

### UNDISPUTED FACTS

1. Debtor filed her Chapter 13 bankruptcy petition on November 13, 2017. (Dkt. No. 1.)

2. On November 10, 2017, three days prior to the filing of Debtor's bankruptcy petition, the City booted and subsequently impounded Debtor's 2003 Chevrolet Tahoe. (Dkt. No. 11.)

3. On November 14, 2017, the day after Debtor filed her bankruptcy petition, Debtor requested that the City release her vehicle. (Dkt. No. 11.)

4. That same day, the City indicated that it would not be releasing the vehicle pursuant to Judge Cassling's ruling, *In re Avila*, 566 B.R. 558 (Bankr. N.D. Ill. 2017). (Dkt. No. 11.)

5. The City informed the Debtor that in order to obtain the release of her vehicle, she would need to pay either $1,000.00 or 25% of the total debt that was owed to the City, whichever was lesser, and include the City as a secured creditor in her Chapter 13 plan. (Dkt. No. 11.)

1

6. The City has not explained how it arrived at those figures, nor has it offered the Debtor an accounting of the fees and repossession costs of booting and impounding her vehicle. (Dkt. No. 11.)

7. The City only indicated that the total amount of its claim is $10,517.67. (Dkt. No. 11; Claim No. 2-1).

8. Debtor filed the instant Motion to Compel on November 15, 2017.

9. In her Motion, Debtor seeks to compel the City to disclose the amount of their claim that constitutes storage and repossession fees and, once that amount has been paid, release the vehicle.

10. At the Court's initial hearing on this Motion, neither the Debtor nor the City expressed any desire to further brief this matter. The Matter was taken under advisement on November 22, 2017.

11. The City has not filed any Response to the Motion.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(e).

## DISCUSSION

In rejecting Debtor's November 14, 2017 request to turnover her vehicle, the City relies entirely on Judge Cassling's *Avila* decision. 566 B.R. 558 (Bankr. N.D. Ill. 2017). The City is correct that in *Avila*, Judge Cassling ruled that the City was entitled to retain possession of the debtor's vehicle without violating 11 U.S.C. § 362 due to the possessory lien created by Municipal Code § 9-92-080(c). However, the question in this case differs from the one presented in *Avila*. *Id* at 560. There, the City sought a

2

declaratory judgment that its continued postpetition retention of the Chapter 13 debtor's vehicle did not violate the automatic stay. *Id* at 559-60. In this case, Debtor does not deny that the City has a right to retain her vehicle. Rather, Debtor argues that she should only be required to pay the necessary expenses needed to release her vehicle from the impound, namely the storage and repossession fees.

While *Avila* addressed Chicago Municipal Code § 9-92-080(c) and the fact that a pre-existing lienholder would be allowed to, "obtain the impounded vehicle, but only in the event that the lienholder pays at least the applicable towing and storage fees," it did not specifically address the cost to the owner of a vehicle to remove it from impound. *Id* at 560. Section 9-92-080(b) of the Municipal Code states that:

> "The owner or other person entitled to possession of a vehicle lawfully impounded pursuant to Section 9-92-030 or Section 9-100-120 shall pay a fee of $150.00, or $250.00 if the vehicle has a gross weight of 8,000 pounds or more, to cover the cost of the towing and a fee of $20.00 per day for the first five days and $35.00 per day thereafter, or $60.00 per day for the first five days and $100.00 per day thereafter if the vehicle has a gross weight of 8,000 pounds or more, to cover the cost of storage, provided that no fees shall be assessed for any tow or storage with respect to a tow which has been determined to be erroneous."

Chicago Mun. Code 9-92-080(b). That section seemingly applies to a case, wherein a debtor's vehicle is impounded by the City and certain towing and storage fees accrue. However, neither Debtor nor the City have pled sufficient facts to determine whether the impounding of Debtor's vehicle occurred pursuant to Section 9-92-030 or Section 9-100-120 or some other Municipal Code section, and neither party has indicated what the vehicle weighs. Furthermore, as Judge Cassling notes in *Avila*, Section 2-14-132(c) of the Chicago Municipal Code imposes an administrative penalty in addition to the costs of towing and storage. 556 B.R. 560 (Bankr. N.D. Ill. 2017). The City has only indicated in

3

this case that Debtor would have to pay $1,000.00 or 25% of the total debt owed, but it has thus far declined to detail what portion of those funds is based on the storage and repossession fees and what part of that is based upon the administrative penalty. Thus, Debtor's cost to reclaim her vehicle from impound cannot accurately be determined based on the facts at hand.

In order to fully comply with *Avila*, which is the only authority the City relies upon to deny Debtor's request for turnover of her vehicle, the Debtor is only expected to pay "at least the applicable towing and storage fees." *Id* at 560. Given that the City has not yet revealed what the total amount of towing and storage fees are in this case, the Court is compelled to rule in favor of the Debtor on her Motion. The City of Chicago (1) must disclose and itemize in writing filed herein within three days hereof the amount of storage and repossession fees necessary for Debtor to reclaim her vehicle accrued through November 15, 2017 (the date of the filing of Debtor's Motion to Compel Turnover of Vehicle), (2) once that amount has been disclosed, and if and when paid by the Debtor, the City of Chicago must then turn over the vehicle to the Debtor, no later than the day following such payment, and (3) should the City fail to file timely the writing disclosing and itemizing the storage and repossession fees, it must release the Debtor's vehicle to Debtor at the end of the third day.

## CONCLUSION

For the foregoing reasons, Debtor's Motion to Compel Turnover is granted and the City of Chicago (1) must disclose and itemize in writing filed herein within three days hereof the amount of storage and repossession fees necessary for Debtor to reclaim her vehicle accrued through November 15, 2017 (the date of the filing of Debtor's Motion to Compel Turnover of Vehicle), (2) once that amount has been disclosed, and if and when paid by the Debtor, the City of Chicago must then turn over the vehicle to the Debtor, no later than the day following such payment, and (3) should the City fail to file

timely the writing disclosing and itemizing the storage and repossession fees, it must release the Debtor's vehicle to Debtor at the end of the third day.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 12th day of December, 2017

DEC 1 2 2017