United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re: | Case No. 17 BK 33957 |
| CHARNETTE WALKER, | Chapter 13 |
| Debtor. | Judge: Hon. Jack B. Schmetterer |

**OPINION AND ORDER ON CITY OF CHICAGO'S MOTION TO COMPEL WITHDRAWAL OF COURT'S MEMORANDUM OPINION [DKT. NOS. 30 AND 31]**

The Seventh Circuit ruling in *Thompson*, 566 F.3d 699, 707-08 (7th Cir. 2009), held that, upon request of the debtor in bankruptcy, vehicles seized pre-bankruptcy must be returned to the debtor by operation of the automatic bankruptcy stay. Bankruptcy judges in this district have since disagreed as to how vehicles seized by the City of Chicago ("the City") are to be treated in light of *Thompson*.

In *In re Avila*, 566 B.R. 558 (Bankr. N.D. Ill. 2017), it was held that the lien granted to the City by § 9–92–080(f) of the Municipal Code of Chicago was a possessory lien. As a result, *Avila* reasoned, pursuant to 11 U.S.C. § 362(b)(3), that the City's continued possession of a debtor's vehicle post-bankruptcy is necessary to maintain perfection of its pre-petition lien. *Id.* at 563. The *Avila* court also determined that while *Thompson* did require creditors with underlying consensual liens upon a vehicle to turnover possession when requested by a debtor, it did not address specifically a situation in which the creditor's perfection was wholly dependent upon a possessory lien. *Id.* at 562. *Avila* held that the City had no other means to maintain or continue its perfected possessory lien other than holding the debtor's vehicle. Therefore, *Avila* determined that the City's continued possession was protected by § 362(b)(3). *Id.* at 563.

In this case, *In re Walker*, 2017 WL 6547730 (Bank. N.D. Ill. Dec. 20, 2017) (Dkt. No. 30), Debtor's car was seized pre-bankruptcy. The City has favored the *Avila* ruling, relying primarily upon that decision as its basis for not releasing Debtor's vehicle. It was held earlier herein in this case that the reasoning in *Avila* was incorrect and that the Seventh Circuit's ruling in *Thompson* required the City to turnover a debtor's vehicle post-bankruptcy upon request. That ruling was based upon a close reading of 11 U.S.C. § 362(b)(3), a provision relied on in Avila, which states in relevant part:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

1

> (3) under subsection (a) of this section, **of any act** <u>to perfect, or to maintain or continue the perfection of, an interest in property</u> to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title

11 U.S.C. §362(b)(3). While *Avila* read the term "act" in its interpretation of the aforementioned provision to refer to mere continued possession, the plain language of the statute does not say that the City's mere continued possession of the vehicle is an "act" that enables it to maintain its lien perfection. *Id.; see also In re Tradewinds*, 394 B.R. 614, 621 (Bankr. S.D. Fla. 2008) (holding that "mere possession" of an aircraft did not perfect a creditor's mechanic's lien pursuant to Florida law). The Opinion noted that the Seventh Circuit opinion articulated in *Thompson* a course of action that would satisfy § 362(b)(3), namely the filing of an Emergency Motion for Relief from the Automatic Stay. *Id*. The City argued that requiring it to do more than maintain its continued possession, such as returning the property and filing an Emergency Motion for Relief from Stay, would deprive it of its lien and alter its substantive rights under 11 U.S.C. § 542 in contravention of the Supreme Court's holding in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 206 (1983). *Id*. That provision states, in relevant part, that:

> (a) " . . . an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

11 U.S.C. § 542(a). The Supreme Court in *Whiting Pools* stated that *only* "procedural rights" are modified by 11 U.S.C. 542(a). *Id*. at 206. Thus, by following *Thompson*, which would require the City to turnover debtors' vehicles and file Motions for Relief from Stay, the City's substantive rights are not being modified, if it has good cause; it is simply being required to adopt a different procedure. The City thereby is only being asked to do what other creditors must do when the automatic stay interferes with their rights, which is to file a Motion to Modify the Automatic Stay. *Thompson* makes clear that the City has that remedy to retain its possessory lien. *Thompson v. General Motors Acceptance Corp., LLC*, 566 F.3d 699, 707 (7th Cir. 2009). Thus, only the City's procedural rights are being modified and there is no contradiction with *Whiting Pools*.

The City now moves the Court to withdraw the Opinion, arguing that no motion was pending when the Opinion was filed.

The Debtor's Motion for Turnover of her vehicle was filed November 15, 2017. (Dkt. No. 11.) During the status call on December 18, 2017, the Court orally announced reasons for granting Debtor's pending Motion and set the matter for ruling on December 20, 2017. The City filed an opposing brief on December 18, 2017. On December 19, 2017, at 4:12 p.m., the Debtor filed a withdrawal of her Motion based on some undisclosed agreement with the City. The Court's Opinion (Dkt. No. 30) now at issue was filed the next morning.

Thus, there was no Motion still pending when the Opinion was filed, the City having made an arrangement with the Debtor to moot the issues and avoid the announced Opinion.

The City's argument is that even though the ruling of the Opinion was announced before the Debtor's Motion was withdrawn, the Opinion itself was filed the morning after the Motion was withdrawn and the Opinion is therefore advisory. An advisory opinion is one that is a "nonbinding statement by a court of its interpretation of the law on the matter." *Opinion*, BLACK'S LAW DICTIONARY (10th Ed. 2014). The Supreme Court has repeatedly articulated the principle that "[t]he exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993). Thus, a federal court, "has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Deveraux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir. 1994).

Some question might be raised here as to whether the City was thwarting an announced opinion by making an arrangement with the Debtor overnight to moot the pending Motion. However, the principle set forth by the Supreme Court is so important that it must be treated as a precedent that does not allow for exception. Moreover, while the withdrawal of an opinion has the effect of preventing it from use as precedent, this court's opinions are not precedent, and withdrawal does not prevent other judges (or indeed this judge) from following the logic of a withdrawn ruling.

Therefore, although not a single syllable of the Opinion's logic is withdrawn, the Opinion itself must be and is WITHDRAWN.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of February 2018

FEB - 8 2018